Parker, when you're ready. May it please the court, David Parker of Hunt and Andrews Kurth and I was appointed in this case to represent the appellant Miss Melody Shuler and I appreciate the opportunity to be here today. I was specifically appointed to brief a jurisdictional issue concerning federal rule of appellate procedure 4A6. This is the rule that allows the district court to reopen the period to file a notice of appeal under certain circumstances and the court specifically requested briefing on whether Miss Shuler received notice of the judgment against her within 21 days of that judgment being issued. And the answer to that question is no. The judgment against her was properly served within that 21 day period but it wasn't actually received by Mrs. Shuler because it was sent to an old address. And as multiple other and not just effective service. Now given the importance of this court's jurisdiction, I'll also walk briefly through the remaining two requirements of FRAP 4A6 and I'll also address whether the district court properly exercises discretion in reopening the appeal period. So I'll start with the question of whether Miss Shuler received notice under 4A6. So the first place to look here is the text that's available in full at page 6 of our opening brief and what the text says is that the litigant must quote receive notice of this judgment within 21 days. So I think the plain language here is straightforward. Receive notice means that the litigant must actually receive notice of the judgment. Effective service of that judgment is not enough and if it were the rule would have said so. The rule would have said moving party was properly served under Rule 77d. Now multiple circuit courts by this point have confirmed that this plain language means what it says and that it requires actual receipts. This is the WorldCom case in the Second Circuit and the Court Chin Lim case in the Seventh Circuit. Both of those cases have squarely addressed this question and held that effective service is not enough. This is further confirmed by the Advisory Committee's notes. Both the notes to FRAP 4A6 and Rule 77d which is cited in 4A6. But those notes distinguish between service and receipt in two different ways. So first the notes say that the the judgment must the rule applies when the judgment is either not received or is received too late to to basically meet the deadline. And then the notes cite to cases in which the notice wasn't mailed at all but they also cite to cases where the notice was mailed by the clerk and not received. So that's a notice which would be proper service under 77d an actual receipt of that notice. And then second the notes also say that the winning party is encouraged to send their own notice to help quote rebut any claim of non-receipt. Now if the clerk's mailing of the notice was itself sufficient to satisfy the rule there would be no need to rebut any claim of non-receipt in this case. Sorry Mr. Parker. Any obligation on the part of a party to keep the clerk and the court apprised of his or her address? And if so what how does that apply in this context? Yes your honor. Litigants do have that obligation. Rule 4A6 I think provides them some leniency on that. That does enter the analysis I think here. But that's I think it fits into the court's reopening. So whether the litigant received notice or not doesn't really hinge on whether it was litigants fault that they didn't receive notice. We agree with your argument the court could reopen this. This district court did not explain that reasoning in order for granted. So didn't consider this business of you know So at the very least even if we agree with you isn't there remand that should occur in this case for that purpose? Sure your honor. So I'll address both parts of that question. So I mean when you break deal with Judge Diaz does that have an effect? And I guess to the extent does it have effect in terms of the question of whether to open it or not? And I think that still is a legitimate question. Is that how do you answer that question? Does it have a side from the fact if you do open it and he didn't address it then send it back to address it. But in the initial determination of whether to even reopen it does it have, is it a factor? So your honor I think to I think there's a lot there. I think the first thing I would say is that the district court's order is not clear on the district court's reasoning. It doesn't say whether the district court considered this factor or not. This particular rule FRAP 406 doesn't require the district court to set forth its reasoning expressly in an order. And so the district court wasn't required to set forth its reasoning. Certainly it would be better if the district court had. So remand is certainly an option in this case. But I would say that based on the record before you your honors that you can also affirm. Because I think there's ample evidence here and ample factual circumstances that support reopening. And I think you all can affirm as well. We get to the reopening on your argument dealing with the legal aspect of it. Then we look at the two other requirements and say okay they're there. But we don't address the question in order to district court of well what about the obligation to update the address? Why would that not be compelled to Lisa? I don't know how we affirm on that. That hasn't been addressed at all. How do we affirm on that question? That wasn't addressed at all. Well your honor I would say that in most instances the district court when exercising discretion under the rules doesn't have to show its work and explain its reasons. Certainly that's a better practice your honor. But there are for example certain other rules that do require the district court to set forth its reasons. One example that comes to mind is rule 54 B which allows district courts to certify partial final judgments. Now that rule specifically says that the district court must expressly find that there would be no just reason for delay of the appeal. And certainly a number of courts have held that that language in that rule that says express finding is required. That does require the district court to actually set forth its reasons. But in the absence of that you know we don't have any any evidence in this case the district court didn't understand that this was a discretionary decision or felt that it was compelled to reopen the appeal period even though it didn't want to. I don't think it's a per se abuse of discretion to not set forth your reasoning especially when that reasoning can be apparent from the record which I think it is here. As I said I certainly think it's better practice for the district court to set forth its reasons but I don't think it is per se an abuse of discretion and I do think that this court can affirm. This court can also of course remand. I'm not going to overpress this. I'm trying to understand. Well what you're saying then we can consider that in the terminal. Was it an abuse of discretion for him not to have gone in this direction because you take it that she was at fault. She should have updated her address. How is that? Where is it in the record that makes that apparent. So I think there are a few things your honor. The first is that the notice of appeal that Ms. Shuler filed was only a few days late and that there's no prejudice claimed from the other side from her brief delay in filing that notice. Also she in fact mailed it. She put it in the mail before the deadline. Those are good reasons. None of them in the record in terms of the court having considered that. That's the only point I'm making. Sure. Yes you're right your honor. The district court did not set forth its reasoning. The district court did not cite to these. There's no reason at all on that point. It just didn't get there. That's correct. Yes but I do think as I said I don't think that's a per se abuse of discretion. I think this court does can and should affirm but if this court you know feels the need to remand that certainly is an option. So the other thing that I would say is that you know this was only a few days late. She actually got in the mail before the deadline and you know it's I think it's apparent from Ms. Shuler's filings below that this was an individual who was struggling with a lot of issues in her life. In addition this was all occurring at the beginning of the COVID-19 pandemic. This is back in April of 2020 and again there's no there's no prejudice to the other side. The other side hasn't even attempted to point to any prejudice. So it's it's hard to see this you know this seems like a very good case setting aside the fact that she she should have updated her address earlier. Other than that I think all the factors you know point to allowing reopening here. So on the abuse of discretion point I'm only aware of one decision that has ever found reopening to be an abuse of discretion and that was the WorldCom decision, the Second Circuit decision. That aspect of WorldCom was was split so there was a majority in a dissent on that issue. What the confining its ruling to the court egregious facts in that in that case and there the party was represented by counsel unlike here where Ms. Shuler was pro se in the district court. The counsel failed to update his address for two years and he had every reason to be aware of any problem because there were numerous filings being sent to his old email address so the court held that the counsel exercised quote exceedingly minimal diligence. Again the facts are Ms. Shuler was pro se. She should have updated her address sooner but she did actually you know monitor the docket herself. She did discover the judgment on the on the internet and she did promptly get it in the mail after that point it just didn't get to the court in time. Wasn't she a lawyer? She did used to be a lawyer and the record isn't clear on exactly when that was and but I think the record is clear that she was not a lawyer at the time of the filing of this case. Now you know that certainly could be something that the district court could consider you know but I think that kind of highlights why this should be a discretionary decision for the district court. The district court should be able to consider you know what what the district court knows about the litigant and knows about all the circumstances in the case that led to this notice being filed a few days late. Now the other side points the fact that the district court granted Ms. Shuler's quote unopposed and they take great issue with that in their briefing. So the first thing I'll say is it was unopposed. I think really what they mean is that they didn't have a fair chance to respond to her motion. There's certainly some truth to that so what happened was Ms. Shuler had put the wrong docket number. If you remember that the district court had split her case into six different dockets so that was another factor that made all this kind of and so she had the wrong docket number on the motion. It was actually filed on the correct docket to begin with but then the clerk moved it to a different docket and then moved it back but once they moved it back basically the deadline for responding to that motion had already passed. But what I will say is that you know while the when the clerk moved it back the the order did say that the deadline had already passed but defendants made no effort at that point to move to file an opposition out of time for example which I think they would have had very good cause to do. There was three months actually more than three months between when the motion was filed on the correct docket and when the district court actually decided it so they had ample time to move then. They also didn't move for reconsideration of that order after the district court issued it and regardless there's there's no requirement I mean the district court could have granted Ms. Shuler's motion without even allowing a response. So I think that's the discretionary piece. The other two requirements of 406 I think are pretty clearly met here. The first one is that the the motion be filed within 14 days of the litigant receiving notice under Rule 77 and as we just discussed you know she did not receive notice under Rule 77 from the clerk's office in the mail because that mailing was returned as undeliverable. Now the other side argues that she also received notice when she discovered the judgment herself on the internet and and that she didn't file within 14 days of that. The problem for them there is that Rule FRAP 406 requires a particular type of notice. It requires notice under Rule 77 D and I think this also answers the question that they raised in their brief of well why is FRAP 406 referring to 77 D if FRAP 406 is you know is requiring actual notice and not just effective service. The reason is that it requires actual notice of a particular type and that's the notice that is sent under Rule 77 D. So when Ms. Shuler discovered that the judgment herself on the internet that was not notice under Rule 77 D. As the rule makes clear that requires formal notice and that wasn't that wasn't sent here. And then the last requirement of FRAP 406 is that no party would be prejudiced by the reopening and once again the other side hasn't identified any prejudice that they've suffered. Again they knew about Ms. Shuler's appeal within a few days of the jurisdictional deadline passing and so I think that is another reason as I've said before why your honors can simply affirm here. And in fact there was a another case Herman versus Lackey in which Judge Gregory I believe was on the panel where a litigant had quote no valid excuse for their failure to receive notice but the court held that no party was prejudiced by the brief delay and it was within the court's discretion to reopen the appeal period and so the reopening was allowed there. And so I think you know I think this further questions for me now I'll save the remainder my time for rebuttal. Thank you Mr. Parker. Mr. Lindeman. Thank you honors may it please the court Andrew Lindeman for the appellees Michael Lawrence and John Stook. As the the court has already noted there are in essence two different questions for the court to construction of rule 4a 6 of the federal rules of appellate procedure if the court agrees with the appellees position on that don't need to reach obviously the second issue but the second issue would deal with whether or not the district court exercised discretion at all because I don't believe looking at the order there's any indication the discretion was exercised at all but ultimately whether there was an abuse of discretion in allowing the reopening of the time to file a notice of appeal based upon the record and what was presented to the district court. Dealing with the the statutory well it's not statutory the construction issue initially and of course that's what this court asked for specific briefing on. Ultimately in this particular case the final judgment that was issued by the district court was issued on April 22nd 2020 the very next day the clerk of court exercised their responsibilities under rule 77 D and served a copy of that final order and the judgment on the appellant and by mailing it to her last known address I think is very important for consideration in this case both issues before this court that this particular litigant as Judge Diaz indicated this isn't just your regular pro se clearly she had some legal training the record doesn't go into the details of that but she clearly was identified as a former lawyer someone who did have legal training but the bottom line is they were five different orders that had been issued over the course of this litigation and again specifically civil action number 88 which is the one we're dealing with the original case was broken up into six different civil action numbers six different civil actions so she would have received similar notices from the district court from the magistrate judge in all of those cases but in this case she received five different orders over the course of time reminding her of the importance to keep the district court advised as to an accurate address for her so ultimately on April 23rd the judgment was sent to her last known address and it was returned ultimately unclaimed there was a second attempt made as well that was also unsuccessful so the issue boils down to on a motion brought to reopen the notice of the period to file a notice of appeal under rule for a six the first element of course is whether or not there was receipt and the rule of course doesn't define receipt as actual receipt it doesn't define it as constructive receipt I think that's an important point so that's part of the interpretation that's needed here but there is a reference obviously to rule 77 D and I think if you accept the appellant's argument argument you essentially read the reference to rule 77 D out of it well and and there I somewhat differ I mean obviously the first of those cases was the limb versus court call case the Seventh Circuit case where I take exception with judge Easterbrook is is in the opinion he writes this he writes a pellet rule for a six does not mesh perfectly with civil rules 5b and 77 D rule for a six talks a document under rule 77 D but rule 77 D and 5b concerns service rather than receipt and where I differ from him is they both go to the point of notice rule 77 D is a provision that obviously requires notice of the final judgment to be provided to the litigants it also provides exactly how that should be undertaken specifically references rule 5b which again shows in this particular case that the method that the clerk used to provide that notice was followed so it's not a question of actual receipt it's a question of receipt and that can include constructive receipt and constructive receipt of course occurs given the references to 77 D which then references rule 5b that it is perfectly legitimate notice and ultimately constructive receipt for the judgment to have been mailed to the last known address well again the the rules specifically rely on the service provision of rule 5b and I don't think that can be ignored in looking at how this should be interpreted why is the word receipt in this 4e6 reference instead of the word service well again I think you look at what type of receipt it can be an actual receipt is one type and constructive is another and I do think also Judge Wynn it's important to look at the receipt in this case it came back to the court yeah constructive receipt might be it was delivered to a neighbor well but a neighbor got it and you found out that a neighbor is allowed to give her mail that might be constructive but it's it's documented that she did not get notice but the judgment against her well there's my missus something that right two points to what you just said Chief Judge Gregory it is not clear on this record as to whether or not she actually received notice I mean other than the the envelope was returned to her but ultimately take back up or something the guy that went back it was tape as if somebody opened it and closed it and sent it back no no I'm not suggesting that she ultimately did learn about the the the judgment being entered she indicated it was on on May 18th as far as the point I wanted to make the as far as her address changing that is not clear on the record I mean ultimately it was returned didn't it wasn't necessarily returned because it was an improper address it potentially was returned because it wasn't claimed which is of course a different circumstance what so as well Google search is not enough that practice notes seem to indicate that I mean it has to be noticed in the 77 D well it it does reference 77 D which again if you're going to read 77 D in it you got to read 5 B in it as well because that's how the notice is goes back to my rule 5 B that his opinion when you look at that seven certainly he dealt with it he didn't duck that issue well I I don't believe he dealt with it correctly because he essentially read 77 D out of it you know and and of course with that you read 5 B out of it ultimately I mean we've cited a several different district court cases which rule he didn't read it out he distinguished it as to what the purpose of 5 B was opposed to the rule well I I believe he was basically reading into this rule actual receipt as opposed to constructive receipt and again I go back to my original point that when you consider rule 77 D which references 5 B constructive receipt should be sufficient and the reason and I was making about to make this point a few moments ago the reason I say that as you look at the intent of the rule to start with the intent of the rule was not to allow somebody who didn't keep the court advised as to their address the opportunity to get a second bite of the apple or to correct their own neglect or negligence it it was to deal with situations where a clerk of court for whatever rate reason failed to provide service of the judgment to a litigant that's the purpose of the rule and even the Second Circuit in the WorldCom case makes that very distinction and in fact WorldCom the Second Circuit does accept the limb decision in addressing the three preconditions but then they go further and say it still uses the word may and a district court even if the three preconditions are met that is not required to allow the reopening of the time for filing a notice of appeal in those circumstances you can still look at a number of other issues and that's what the Second Circuit did and they looked at in fact this is a key quote from the second part of their analysis they said we did not preclude district courts from considering the fault of a litigant that causes a failure of receipt it would be curious after all not to consider indications that the litigants own negligence caused the very problem that rule 4a 6 was meant to ameliorate and that's exactly what we have here so ultimately even if you get past those first three preconditions and if you agree with the the way the Seventh Circuit interpreted them you still have to deal with the discretionary decision as to whether is appropriate to allow the reopening by definition that means discretion discretionary decision the district court could have acknowledged that there might have been some negligence on the part of this litigant but excused it nonetheless and so if that comes up and I know the court's order doesn't say that but aren't we supposed to you know scour the record and decide whether or not this was in fact an abuse of discretion and if the district court decided to grant relief notwithstanding the litigants negligence why is that an abuse of discretion well obviously that's precisely what the what the court the Second Circuit did they ultimately found an abuse of discretion by the district court because the district court didn't consider the fact that the litigant themselves had caused this problem by not providing a current address and in this case it's the same same situation and in fact the record in this case that was provided by Miss Shuler is doesn't even answer the questions as to what was her appropriate address when the judgment was issued I would point out to the court that she makes some statement that she was evicted there were no eviction papers that were provided and ultimately when she did serve the notice of appeal which was a few days later was four days late I believe together with a notice for change of address at that point it came from a Hinesville Georgia address while the original address to the clerk's so there's no record whatsoever that was provided to the district court as to what was her appropriate address what happened to her how she ended up in Georgia when she got to Georgia none of that has been answered but to go to your point or question judge Diaz we don't know from this opinion whether the judge exercised any jurisdiction it's literally one sentence she wrote it and as much as the court concludes Shuler meets the requirements set forth in rule for a six the court will grant her motion well but I think what you're suggesting is that we should adopt a WorldCom rule and anytime a litigant is at fault that's it it doesn't matter what else might be in the record to suggest a court district court could could exercise its discretion favorably well I certainly think this court does have the ability to do what the second circuit did and look at the underlying facts of the case what you're dealing with the person was put on proper notice as I've already mentioned there are five separate orders in this case she also caused a lot of these procedural issues by filing her what was ultimately treated as a motion to reopen the lower court to not even be aware of the filing of this motion the district court then issued a text order but didn't issue it in this case she issued in the case was so civil action number 1013 and it was never included in the record in civil action 88 so ultimately there's a whole series of events here that were triggered by the plaintiff herself who again is not your run-of-the-mill pro se litigant it is someone with legal training and obviously you can assess that you can look at the complaint that was filed you can look at you know the quality of her of her filings and ultimately make that determination just like the Second Circuit did in WorldCom but at the very least the argument I would make is if you agree with the appellants on the have an appropriate record made an appropriate fact-finding done in fact I would point out to the court that one of the cases that was cited in both briefs by the appellant is Nunley versus City of Los Angeles a Ninth Circuit case and this is the quote that was included in both briefs it says when a movement specifically denies receipt of notice a district judge must make a considered factual determination concerning receipt rather than denying the motion out of hand based upon proof of mailing well obviously in granting a motion to reopen they must also that would also apply district judge must make a considered factual determination concerning receipt and so ultimately each of those preconditions should be addressed in the record to show that an discretion has been exercised because as this court said in the Jacobson case an abuse of discretion can take place in several different ways and one of which is when discretion isn't even exercised it's not clear from the district court's order here which consists of one sentence applicable to this particular motion whether or not any discretion was exercised so let me so I mean in most of the cases that I'm aware of when we when courts use that language it's based on the notion and understanding from the record that the district court did not believe it had discretion to do something which it did in fact have there's no indication in this record is there that the court I mean the court exercise well you say it didn't are you suggesting that the district court thought it was obligated to grant relief even after you know going through the initial analysis I do and then it goes back to the Second Circuit's decision in WorldCom the second part of their decision they make it very clear the and I think they're right as far as that's concerned I would encourage the court to adopt that portion of their their decision which is the use of the word may in the rule doesn't require a district court to grant that relief simply because the three preconditions might be meet might be met you got to go to the next step and still exercise discretion and as the Second Circuit said that additional analysis includes looking at whether or not the litigant the moving party is actually at fault for causing the failure of them to be able to receive notice which clearly is at play here in the record that she was at fault by not keeping her address Karen yes I think the record is clear she did not keep her don't we presume that the judge looked at everything in the record I don't think you can presume that from this particular order and sir no no I said the record I didn't say the order no I wasn't in the record that that it was returned not delivered that was in the record now her that means that the it wasn't also the record that she didn't keep her she had not that was not kept her record her address current you're saying the court didn't know that well yeah from the order we can't judge what the court actually looked at record record yes the record reflects that she filed a later a later change of address what knew that she had not kept it current well the correct the the court couldn't determine what knew she was not current can just keep that counsel can we get that first before you go right I don't believe that's necessarily correct your honor because because because excuse me we make it you know it's Shakespeare was that much to do about nothing now the point is it's pretty clear here that she did not they did not deliver the notice this will serve she didn't and it also is clear that she did not keep her current address you know you know fresh with the court the court that's in the and the judge says I found those others didn't say I'm required and say I haven't found those this is my order you disagree with that I appreciate you doing that but what is we what do you have to do I mean it's like almost like Simon says well well I see these and I have to say and just as Diaz uh you know it's a question from a that's my understanding to know when we talk about discretion is when we problem is you think you can't do something and say well from this record you know there's no indication that you you were aware that you could have done it but you chose not to but now you're taking it in a positive way and say well you have to show what do you have to show that you you what do we have to do take out where I found this one and I think that's good I found this one I think that's good yeah and then notwithstanding she has some fault I grant it does he have to know she's say that the judge we honor and again I'm relying also on a case that they have cited from the Ninth Circuit I thank you for circuit now I understand that okay and I believe that is precedent so we're here now I understand and we know you don't like the Seventh Circuit anyway I see my time's up can I have additional time to shape I'm asking you the question all right thank you yeah I think your honor ultimately the court should issue findings on each of the three preconditions number one and then number two even if she finds that those preconditions have been met needs to take a step further as the Second Circuit found and address whether or not the neglect of the moving party played any role whatsoever in in the moving party not being able to receive notice of the judgment put a pin in that okay let's say you take that step you said and they find that her fault or her negligence did play a role are you saying that the court still does not have a discretion to grant that motion the court would still have the discretion to grant that motion but in this particular case there's no indication whatsoever in that one sentence disposition of this issue that the district judge even knew that that was the standard and that's similar to what ultimately was the criticism of the Second Circuit had for the district court in that case that they treated the proof of the three preconditions as essentially an entitlement to reopen without looking at the fact that the permissive you word may is used in the rule and that ultimately there's a second a second phase so to speak of discretion that needs to be exercised and so ultimately that's how the Second Circuit decide this case obviously that's one of the principal cases appellant is relying on and there's no indication that the district judge in this case she didn't cite any case law either there's no indication that she was aware of that and exercise that second layer of discretion and a failure to exercise discretion obviously as this court is held numerous times is an abuse of discretion so with that said we would ask that this court ultimately find that appellate jurisdiction is lacking in this particular case because the notice of appeal was not timely filed and it was inappropriate to reopen the time for the notice of appeal to be filed thank you mr. Parker you have some time reserved yes your honors I'd just like to address a few points here so the other side basically only has one criticism from what I can tell of World 77 D in frap for a six that is simply not the case the purpose of that reference is to require a particular type of notice but then the rule further says that notice has to be received so that language about rule 77 D was actually not always in the rule it was added to the rule to resolve a circuit split over what type of notice was required was it formal notice was it the clerk mailing the judgment was it enough that the litigant learned about the notice on its own the addition of rule 77 D settled that and required formal notice but but the rule separately requires receipt so I think that issue is fairly clear the other point about receipt is that the other side has said that it's not clear whether the mailing was actually received by mrs. Schuller and just not open or whether it was returned for some reason ja-138 shows the the envelope that was returned to the court and what it says is returned to sender insufficient address unable to forward return to sender so I think that's clear now as to the other side's argument that the district court should have to go through every single one of these factors set forth all of its reasoning then additionally you know I guess acknowledge that it has discretion and then explain why it's exercising its discretion and acknowledge the fall of the litigant I mean none of that is required by the rule and as your honors judge Diaz and judge Gregory have said I mean when when this court has said that a district court failed to exercise its discretion that's when the district court has somehow indicated that it believes it doesn't have discretion so if the district court in this case had you know she Miss Schuller technically met the all three requirements of rule four but you know I really don't like that she was at fault here and she didn't update her address but you know I'm constrained by the rules to reopen the appeals period that's a totally different case I think you you have to remand in that situation but in the absence of something like that you have to presume that the district court knows how to read the rules and knows how to look at the evidence in the record which I think is clear here and allows for for reopening the other thing I was going to say is that my friend on the other side referenced Nunley this Ninth Circuit case that said you must make factual findings obviously that's a different circuit but also what the Ninth Circuit said after that was you know it's going to be a rare case where you have an envelope that says it was returned as undeliverable and obviously if you have that then the issue is clear we do have that in this case the issue is very clear that the envelope never reached Mrs. Schuller so I don't think that is an issue here and then I guess the last thing I would say is that counsel appears to have given up on the other two requirements of FRAP 4A6 which I think we're clearly met here and so unless this court has further questions I would just ask that it rule that it does have jurisdiction over this appeal. Thank you Mr. Parker as you said in the beginning your court appointed we note that and on behalf of the Fourth Circuit we thank you for that we depend on lawyers like yourselves to to represent parties you know we thank you and also to Mr. Lindeman for your able representation of your your clients as well with that I'll ask the clerk to adjourn the court until tomorrow morning and then we'll come down and greet counsel.
judges: Roger L. Gregory, James Andrew Wynn, Albert Diaz